# UNITED STATES DISTRICT COURT
## FOR EASTERN DISTRICT OF NORTH CAROLINA
### OFFICE OF THE CLERK

MICHAEL D. BROOKS
ACTING CLERK

P. O. BOX 25670
RALEIGH, N.C. 27611

Criminal Section

DATE: January 31, 2007

07-PT-347-TFH

FILED

FEB - 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

TO:    U.S. District Court
       District of Columbia
       1834 E. Barrett Prettyman
       United States Courthouse
       333 Constitution Ave., N.W.
       Washington, DC 20001

RE:    5:04-CR-311-4-BR
       USA vs. Eldon Duane Frierson

Dear Sir/Madam,
    We herewith enclose material in our court file in the above styled
cause, which has been transferred to your district pursuant to:

Transfer of Jurisdiction

These document are itemized below:  (certified copies)
Transfer of Jurisdiction
Indictment
Judgment
Docket Sheet

    Please acknowledge receipt on the copy of this letter which is provided.
Thank you.

                              Sincerely,

                              /s/ Michael D. Brooks
                              Acting Clerk

------------------------------------------------------------------------

Papers received on _____
Case Number Assigned _____
BY: _____

APPEAL, USMJ_Webb

# U.S. District Court
## EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
## CRIMINAL DOCKET FOR CASE #: 5:04-cr-00311-BR-4
### Internal Use Only

*O7-PT-34T-TFH*

Case title: USA v. Stacker, et al                    Date Filed: 09/22/2004

Assigned to: Judge W. Earl Britt

**Defendant**

**Eldon Duane Frierson (4)**
*TERMINATED: 08/15/2005*

represented by **Jeffrey B. Welty**
Jeff Welty, Attorney at Law
201 W. Main St.
Suite 301
Durham, NC 27701
919-683-8544
Fax: 919-956-9547
Email: jeffwelty@yahoo.com
*TERMINATED: 08/15/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

18:1028(a)(2) and 2 FRAUD WITH
IDENTIFICATION DOCUMENTS;
aid and abet
(14)

**Disposition**

SENT: Probation - 5 yrs w/ spec. conds;
S/A$100, Rest. joint and several w/ co-
deft Tony Stacker 5:04-CR-311-1-BR
in the amt of $4,311

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

18:371 CONSPIRACY TO DEFRAUD
THE UNITED STATES
(1)

18:513(a) and 2 UTTER FORGED
AND COUNTERFEIT SECURITY;
aiding and abetting
(2)

18:641 and 2 PUBLIC MONEY,
PROPERTY OR RECORDS; aid and

**Disposition**

Counts 1,2 & 3 dismissed upon motion
by govt

Counts 1,2 & 3 dismissed upon motion
by govt

Counts 1,2 & 3 dismissed upon motion

I certify the foregoing to be a true and correct
copy of the original
on file in the office of the Clerk
United States District Court
Eastern District of North Carolina
By _____ Deputy Clerk

abet
(3)                                          by govt

**Highest Offense Level (Terminated)**

Felony

**Complaints**                               **Disposition**

None

---

**Plaintiff**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/22/2004 | 1 | INDICTMENT as to Tony Joseph Stacker (1) count(s) 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, Mario Manuel Edwards (2) count(s) 1, 2, 3, 12, 13, 14, Antoine Demetrius Williams (3) count(s) 1, 2, 3, 6, 7, Eldon Duane Frierson (4) count(s) 1, 2, 3, 14, Tyrone Christopher Bell (5) count (s) 1, 8, 9, 15, Bernard Calvin Hicks (6) count(s) 1, 10, 11, Marisha Rachelle Joy Britton (7) count(s) 1, 4, 5, 15, Misti Michelle Holt (8) count(s) 1, 6, 7, 15 (bl) (Entered: 09/24/2004) |
| 09/24/2004 | | Request for Warrant as to Tony Joseph Stacker, Mario Manuel Edwards, Antoine Demetrius Williams, Eldon Duane Frierson, Tyrone Christopher Bell, Bernard Calvin Hicks, Marisha Rachelle Joy Britton, Misti Michelle Holt (bl) (Entered: 09/24/2004) |
| 09/24/2004 | 2 | Arrest WARRANT issued as to Tony Joseph Stacker, Mario Manuel Edwards, Antoine Demetrius Williams, Eldon Duane Frierson, Tyrone Christopher Bell, Bernard Calvin Hicks, Marisha Rachelle Joy Britton, Misti Michelle Holt (bl) (Entered: 09/24/2004) |
| 09/24/2004 | | (bl) (Entered: 09/24/2004) |
| 10/14/2004 | | IA for Stacker cancelled for 10/27/4 (st) (Entered: 10/14/2004) |
| 01/18/2005 | 53 | Rule 40 Documents as to Eldon Duane Frierson received from Dist. of Maryland (bl) (Entered: 01/19/2005) |
| 01/19/2005 | | Issued NOTICE TO APPEAR as to Eldon Duane Frierson : set Initial Appearance before USMJ James C. Dever III. for 10:00 1/31/05 for Eldon Duane Frierson (bl) (Entered: 01/19/2005) |
| 01/31/2005 | | ARREST of Eldon Duane Frierson (sp) (Entered: 01/31/2005) |
| 01/31/2005 | | CJA 23 FINANCIAL AFFIDAVIT by Eldon Duane Frierson (sp) (Entered: 01/31/2005) |
| 01/31/2005 | 55 | ORDER Appointing Federal Public Defender for Eldon Duane Frierson |

| | | |
|---|---|---|
| | | served (sp) (Entered: 01/31/2005) |
| 01/31/2005 | | Initial appearance as to Eldon Duane Frierson held in Raleigh (Defendant informed of rights.) before USMJ James C. III. . Court Reporter: computer Presiding Judge: USMJ Dever. Court appoints FPD. Gvt does not move for dtn. Dft advised of rights, charges, and max punishments. Dft released on conditions (sp) (Entered: 01/31/2005) |
| 01/31/2005 | 56 | ORDER Setting Conditions of Release as to Eldon Duane Frierson ( Signed by USMJ Dever ) served (sp) (Entered: 01/31/2005) |
| 02/01/2005 | | Proposed Scheduling Order as to Eldon Duane Frierson to Magistrate Judge Webb (bl) (Entered: 02/01/2005) |
| 02/03/2005 | 57 | PRETRIAL SCHEDULING ORDER as to Eldon Duane Frierson setting deadlines: Attorney Conference by 2/20/05 for Eldon Duane Frierson ; Pretrial Motion Filing due by 3/2/05 for Eldon Duane Frierson ; Response to Pretrial Motions due by 3/21/05 for Eldon Duane Frierson; A&T: 4/4/05 (Signed by MJ Webb: cys dist.) (bl) (Entered: 02/03/2005) |
| 02/07/2005 | 58 | NOTICE of Appearance for Eldon Duane Frierson by Attorney Jeffrey B. Welty (bl) (Entered: 02/09/2005) |
| 02/07/2005 | 59 | REQUEST FOR DISCOVERY by Eldon Duane Frierson (bl) (Entered: 02/09/2005) |
| 02/28/2005 | 64 | MOTION by Eldon Duane Frierson to extend time to file pretrial motions cy w/ prop. order to MJ Webb (bl) (Entered: 02/28/2005) |
| 02/28/2005 | 65 | MOTION by Eldon Duane Frierson to strike Surplusage in Indictment (bl) (Entered: 02/28/2005) |
| 02/28/2005 | | Issued NOTICE TO APPEAR as to Eldon Duane Frierson : set Arraignment before Judge W. E. Britt for 9:00 4/4/05 for Eldon Duane Frierson (bl) (Entered: 02/28/2005) |
| 03/07/2005 | 67 | ORDER as to Eldon Duane Frierson granting [64-1] motion to extend time to file pretrial motions as to Eldon Duane Frierson (4), reset motion filing deadline for 3/16/05 for Eldon Duane Frierson ( Signed by MJ Webb: cys dist.) (bl) (Entered: 03/07/2005) |
| 03/21/2005 | 69 | RESPONSE by USA as to Eldon Duane Frierson re [65-1] motion to strike Surplusage in Indictment (bl) (Entered: 03/22/2005) |
| 04/01/2005 | | Issued NOTICE TO APPEAR as to Tony Joseph Stacker, Mario Manuel Edwards, Antoine Demetrius Williams, Eldon Duane Frierson, Tyrone Christopher Bell : set Sentencing before Judge W. E. Britt for 9:00 5/9/05 for Tony Joseph Stacker, for Mario Manuel Edwards, for Antoine Demetrius Williams, for Tyrone Christopher Bell, for Bernard Calvin Hicks (bl) (Entered: 04/01/2005) |
| 04/04/2005 | | Arraignment as to Eldon Duane Frierson held before Judge W. E. Britt. Court Reporter: Sharon Kroeger Eldon Duane Frierson (4) count(s) 14 (bl) (Entered: 04/04/2005) |
| | | |

| 04/04/2005 | 70 | MEMORANDUM of Plea Agreement as to Eldon Duane Frierson Conditionally Approved (bl) (Entered: 04/04/2005) |
|---|---|---|
| 04/04/2005 | | PLEA entered by Eldon Duane Frierson. Court accepts plea. Guilty: Eldon Duane Frierson (4) count(s) 14 (Terminated motions - ) (bl) (Entered: 04/04/2005) |
| 04/04/2005 | | Deadline updated as to Eldon Duane Frierson, set Sentencing before Judge W. E. Britt for 9:00 7/11/05 for Eldon Duane Frierson (bl) (Entered: 04/04/2005) |
| 04/04/2005 | | MOTION in open court by USA as to Eldon Duane Frierson to dismiss counts 1, 2 & 3 at sentencing (bl) (Entered: 04/04/2005) |
| 06/07/2005 | | Issued NOTICE TO APPEAR as to Eldon Duane Frierson : set Sentencing before Judge W. E. Britt for 9:00 7/11/05 for Eldon Duane Frierson (bl) (Entered: 06/07/2005) |
| 06/15/2005 | 92 | MOTION by Eldon Duane Frierson to continue 7/11/05 Sentencing cy to J. Britt w/ prop. order (bl) (Entered: 06/15/2005) |
| 06/16/2005 | 93 | ORDER as to Eldon Duane Frierson granting [92-1] motion to continue 7/11/05 Sentencing as to Eldon Duane Frierson (4), reset Sentencing before Judge W. E. Britt for 9:00 8/15/05 for Eldon Duane Frierson (Signed by J. Britt: cys dist.) (bl) (Entered: 06/16/2005) |
| 07/11/2005 | | Issued NOTICE TO APPEAR as to Eldon Duane Frierson : set Sentencing before Judge W. E. Britt for 9:00 8/15/05 for Eldon Duane Frierson (bl) (Entered: 07/11/2005) |
| 08/15/2005 | | PRESENTENCE INVESTIGATION REPORT (Scaled) as to Eldon Duane Frierson (bl) (Entered: 08/17/2005) |
| 08/15/2005 | | DISMISSAL of Count(s) on Government Motion as to Eldon Duane Frierson Terminated motions [0-0] oral motion to dismiss counts 1, 2 & 3 at sentencing as to Eldon Duane Frierson (4), [65-1] motion to strike Surplusage in Indictment as to Eldon Duane Frierson (4) Counts Dismissed: Eldon Duane Frierson (4) count(s) 1, 2, 3 (bl) (Entered: 08/17/2005) |
| 08/15/2005 | | Sentencing held before Judge W. E. Britt; Court Reporter: Sharon Kroeger Eldon Duane Frierson (4) count(s) 14 (bl) (Entered: 08/17/2005) |
| 08/15/2005 | 102 | JUDGMENT Eldon Duane Frierson (4) count(s) 1, 2 , 3 . Counts 1,2 & 3 dismissed upon motion by govt , Eldon Duane Frierson (4) count(s) 14. SENT: Probation - 5 yrs w/ spec. conds; S/A$100, Rest. joint and several w/ co-deft Tony Stacker 5:04-CR-311-1-BR) in the amt of $4,311 Signed by J. Britt OB Ref: cys dist. (bl) (Entered: 08/18/2005) |
| 08/15/2005 | | **Termination of party Eldon Duane Frierson , pending deadlines, and pending motions (bl) (Entered: 08/18/2005) |
| 08/25/2005 | 103 | Arrest WARRANT Returned Executed as to Eldon Duane Frierson on 1/10/05 (bl) (Entered: 08/26/2005) |

| 10/10/2006 | ☉140 | PETITION FOR ACTION ON PROBATION and ORDER as to Eldon Duane Frierson . Signed by Judge W. Earl Britt on 10/10/06. (Deputy Clerk - BL, ) (Entered: 10/11/2006) |
| 01/30/2007 | ☉143 | Probation Jurisdiction Transferred to District of Columbia as to Eldon Duane Frierson Transmitted Cover Letter with Transfer of Jurisdiction form, certified copies of indictment, judgment and docket sheet. (Attachments: # 1 cover memo)(Deputy Clerk - BL, ) (Entered: 01/31/2007) |

| Probation Form 22 (REV. MAR 05) | United States District Court Federal Probation System TRANSFER OF JURISDICTION | DOCKET NUMBER (Transfer Court) 5:04-CR-311 DFC |
|---|---|---|
| | | DOCKET NUMBER (Rec. Court) 07-PT-347-TFH |

| NAME AND ADDRESS OF OFFENDER Eldon Duane Frierson | DISTRICT EASTERN NORTH CAROLINA | DIVISION NORTHERN |
|---|---|---|
| | NAME OF SENTENCING JUDGE W. Earl Britt, Senior, U.S. District Judge | |
| | DATES OF SUPERVISION → | FROM 08/15/2005 | TO 08/14/2010 |

OFFENSE  1) Unlawful Transfer of Stolen Identification Documents;  2) Aiding & Abetting

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the offender named above be transferred with the records of this court to the United States District Court for the District of Columbia upon that court's order of acceptance of jurisdiction. This court hereby expressly consents that the period of supervision may be changed by the district court to which this transfer is made without further inquiry of this court.*

_12-17-06_
Date

Senior U.S. District Judge

* This sentence may be deleted in the discretion of the transferring court.

**PART 2 ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

IT IS HEREBY ORDERED that jurisdiction over the above-named offender be accepted and assumed by this court from and after the entry of this order.

_January 22, 2007_
Effective date

United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _Melinda L. Pugh_
Deputy Clerk

I certify the foregoing to be a true and correct
copy of the original.
Clerk
United States District Court
Eastern District of North Carolina
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**FILED**
9-22-04
US DISTRICT COURT, EDNC

07-PT-347-TFH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | I N D I C T M E N T |
| | ) | |
| TONY JOSEPH STACKER | ) | NO. 5:04-CR-311-1 BR3 |
| MARIO MANUEL EDWARDS | ) | NO. 5:04-CR-311-2 BR3 |
| ANTOINE DEMETRIUS WILLIAMS | ) | NO. 5:04-CR-311-3 BR3 |
| ELDON DUANE FRIERSON | ) | NO. 5:04-CR-311-4 BR3 |
| TYRONE CHRISTOPHER BELL | ) | NO. 5:04-CR-311-5 BR3 |
| BERNARD CALVIN HICKS | ) | NO. 5:04-CR-311-6 BR3 |
| MARISHA RACHELLE JOY BRITTON | ) | NO. 5:04-CR-311-7 BR3 |
| MISTI MICHELLE HOLT | ) | NO. 5:04-CR-311-8 BR3 |

The Grand Jury charges that:

### COUNT ONE

From on or about February 1, 2002, and continuing to on or about July 15, 2002, in the Eastern District of North Carolina, and elsewhere, the defendants, TONY JOSEPH STACKER, MARIO MANUEL EDWARDS, ANTOINE DEMETRIUS WILLIAMS, ELDON DUANE FRIERSON, TYRONE CHRISTOPHER BELL, BERNARD CALVIN HICKS, MARISHA RACHELLE JOY BRITTON, and MISTI MICHELLE HOLT, did knowingly and intentionally combine, conspire, confederate, agree and have a tacit understanding with persons both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to make, utter and possess counterfeited securities of an organization with intent to deceive the United States, in violation of Title 18, United States Code, Section 513(a).

1

## OBJECT OF CONSPIRACY

It was the object of the conspiracy to make and present computer-generated counterfeit securities and present them to the Army and Air Force Exchange Service using stolen military identification cards to obtain merchandise and currency.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objective thereof, the defendants, TONY JOSEPH STACKER, MARIO MANUEL EDWARDS, ANTOINE DEMETRIUS WILLIAMS, ELDON DUANE FRIERSON, TYRONE CHRISTOPHER BELL, BERNARD CALVIN HICKS, MARISHA RACHELLE JOY BRITTON, and MISTI MICHELLE HOLT, and others both known and unknown to the Grand Jury, committed the following overt acts:

(1)  In or around February, 2002, the defendant, TONY JOSEPH STACKER purchased check making material and began making computer-generated counterfeited securities on a computer which belonged to the defendant, BERNARD CALVIN HICKS.

(2)  In or around May, 2002, the defendants, MARIO MANUEL EDWARDS and ELDON DUANE FRIERSON, stole military identification cards from a fitness center on Fort Bragg Military Installation. These cards were subsequently used to aid in the passing of counterfeited securities.

(3)  From on or about May 1, 2002 and continuing to on or about May 4, 2002, the defendants, TONY JOSEPH STACKER, MARIO MANUEL EDWARDS, ANTOINE DEMETRIUS WILLIAMS, and

2

ELDON DUANE FRIERSON, traveled to Fort Bragg, North Carolina, and passed several counterfeited securities, using the stolen military identification cards, to the Army and Air Force Exchange Service to obtain merchandise and United States currency, in the approximate amount of $4,311.00.

(4)    On or about June 1, 2002, and continuing until on or about June 30, 2002, defendant, MARISHA RACHELLE JOY BRITTON, went to the Army and Air Force Exchange Service with defendant, TONY JOSEPH STACKER, and passed approximately $3,000.00 worth of counterfeited securities.    BRITTON used the stolen military identification cards as identification. After receiving the money, defendant, MARISHA RACHELLE JOY BRITTON, divided it with defendant, TONY JOSEPH STACKER.

(5)    On or about June 1, 2002, the defendant, MISTI MICHELLE HOLT, was approached by the defendants, ANTOINE DEMETRIUS WILLIAMS and TONY JOSEPH STACKER, about making money by passing counterfeit securities. The defendant,  TONY JOSEPH STACKER, instructed defendant, MISTI MICHELLE HOLT, how to fill out the counterfeited securities and gave her the stolen military identifications.

(6)    On or about June 2, 2002, and continuing to on or about June 5, 2002, the defendant, MISTI MICHELLE HOLT,

3

presented approximately eight counterfeited securities to the Army and Air Force Exchange Service in the approximate amount of $2,200.00. The defendant, MISTI MICHELLE HOLT, divided the money with the defendant, TONY JOSEPH STACKER.

(7)    On or about July 1, 2002, and continuing until on or about July 31, 2002, the defendant, TYRONE CHRISTOPHER BELL, passed approximately three counterfeited securities to the Army and Air Force Exchange Service for United States currency in the approximate amount of $900.00. The defendant, TYRONE CHRISTOPHER BELL, divided the money with the defendant, TONY JOSEPH STACKER.

(8)    On or about July 12, 2002, continuing to on or about July 17, 2002, defendants TONY JOSEPH STACKER and BERNARD CALVIN HICKS traveled to Fort Bragg Military Installation to the Army and Air Force Exchange Service and passed counterfeited securities in the approximate amount of $2,400.00. The defendant, BERNARD CALVIN HICKS, divided the money with defendant, TONY JOSEPH STACKER.

All in violation of the provisions of Title 18, United States Code, Section 371.

### COUNT TWO

From on or about May 1, 2002, and continuing to on or about May 4, 2002, in the Eastern District of North Carolina, and

4

elsewhere, the defendants, TONY JOSEPH STACKER, MARIO MANUEL
EDWARDS, ANTOINE DEMETRIUS WILLIAMS, and ELDON DUANE FRIERSON,
aiding and abetting one another, and others both known and unknown
to the grand jury, did knowingly possess and utter  counterfeited
securities of an organization, with the intent to deceive the Army
and Air Force Exchange Service, in violation of Title 18, United
States Code, Sections 513(a) and 2.

### COUNT THREE

From on or about May 1, 2002, and continuing to on or about
May 4, 2002, in the Eastern District of North Carolina, the
Defendants, TONY JOSEPH STACKER, MARIO MANUEL EDWARDS, ANTOINE
DEMETRIUS WILLIAMS, and ELDON DUANE FRIERSON, aiding and abetting
one another, and others both known and unknown to the Grand Jury,
did knowingly embezzle, steal, purloin, and convert to their use
and the use of another, things of value of the United States and a
department and agency thereof, the value of which exceeded the sum
of $1,000.00, specifically, merchandise and United States currency,
in the approximate amount of $4,311.00, belonging to the Army and
Air Force Exchange Service, in violation of Title 18, United States
Code, Sections 641 and 2.

### COUNT FOUR

From on or about June 1, 2002, and continuing to on or about
June 30, 2002, in the Eastern District of North Carolina, and
elsewhere, the defendants, TONY JOSEPH STACKER and MARISHA RACHELLE

JOY BRITTON, aiding and abetting one another, and others both known
and unknown to the grand jury, did knowingly possess and utter
counterfeited securities of an organization, with the intent to
deceive the Army and Air Force Exchange Service, in violation of
Title 18, United States Code, Sections 513(a) and 2.

COUNT FIVE

From on or about June 1, 2002, and continuing to on or about
June 30, 2002, in the Eastern District of North Carolina, the
defendants, TONY JOSEPH STACKER and MARISHA RACHELLE JOY BRITTON,
aiding and abetting one another, and others both known and unknown
to the grand jury, did knowingly embezzle, steal, purloin, and
convert to their own use and the use of another, things of value of
the United States and a department and agency thereof, the value of
which exceeded the sum of $1,000.00, specifically, United States
currency, in the approximate amount of $3,000.00, belonging to the
Army and Air Force Exchange Service, in violation of Title 18,
United States Code, Sections 641 and 2.

COUNT SIX

From on or about June 2, 2002, and continuing to on or about
June 5, 2002, in the Eastern District of North Carolina, and
elsewhere, the defendants, TONY JOSEPH STACKER, ANTOINE DEMETRIUS
WILLIAMS and MISTI MICHELLE HOLT, aiding and abetting one another,
and others both known and unknown to the grand jury, did knowingly
possess and utter counterfeited securities of an organization, with

6

the intent to deceive the Army and Air Force Exchange Service, in violation of Title 18, United States Code, Sections 513(a) and 2.

COUNT SEVEN

From on or about June 2, 2002, and continuing to on or about June 5, 2002, in the Eastern District of North Carolina, the defendants, TONY JOSEPH STACKER, ANTOINE DEMETRIUS WILLIAMS and MISTI MICHELLE HOLT, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly embezzle, steal, purloin, and convert to their use and the use of another, things of value of the United States and a department and agency thereof, the value of which exceeded the sum of $1,000.00, specifically, United States currency, in the approximate amount of $2,200.00, belonging to the Army and Air Force Exchange Service, in violation of Title 18, United States Code, Sections 641 and 2.

COUNT EIGHT

From on or about July 1, 2002, and continuing to on or about July 31, 2002, in the Eastern District of North Carolina, and elsewhere, the defendants, TONY JOSEPH STACKER and TYRONE CHRISTOPHER BELL, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly possess and utter counterfeited securities of an organization, with the intent to deceive the Army and Air Force Exchange Service, in violation of Title 18, United States Code, Sections 513(a) and 2.

7

### COUNT NINE

From on or about July 1, 2002, and continuing to on or about July 31, 2002, in the Eastern District of North Carolina, the defendants, TONY JOSEPH STACKER and TYRONE CHRISTOPHER BELL, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly embezzle, steal, purloin, and convert to their use and the use of another, things of value of the United States and a department and agency thereof, the value of which was less than the sum of $1,000.00, specifically, United States currency, in the approximate amount of $900.00, belonging to the Army and Air Force Exchange Service, in violation of Title 18, United States Code, Sections 641 and 2.

### COUNT TEN

From on or about July 12, 2002, and continuing to on or about July 17, 2002, in the Eastern District of North Carolina, and elsewhere, the defendants, TONY JOSEPH STACKER and BERNARD CALVIN HICKS, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly possess and utter counterfeited securities of an organization, with the intent to deceive the Army and Air Force Exchange Service, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT ELEVEN

From on or about July 12, 2002, and continuing to on or about July 17, 2002, in the Eastern District of North Carolina, the

8

defendants, TONY JOSEPH STACKER and BERNARD CALVIN HICKS, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly embezzle, steal, purloin, and convert to their use and the use of another, things of value of the United States and a department and agency thereof, the value of which exceeded the sum of $1,000.00, specifically, United States currency, in the approximate amount of $2,400.00, belonging to the Army and Air Force Exchange Service, in violation of Title 18, United States Code, Sections 641 and 2.

### COUNT TWELVE

From on or about April 6, 2003, and continuing to on or about April 17, 2003, in the Eastern District of North Carolina, and elsewhere, the defendants, TONY JOSEPH STACKER and MARIO MANUEL EDWARDS, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly possess and utter counterfeited securities of an organization, with the intent to deceive the Army and Air Force Exchange Service, in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT THIRTEEN

From on or about April 6, 2003, and continuing to on or about April 17, 2003, in the Eastern District of North Carolina, the defendants, TONY JOSEPH STACKER and MARIO MANUEL EDWARDS, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly embezzle, steal, purloin, and convert to

their use and the use of another, things of value of the United States and a department and agency thereof, the value of which is less than the sum of $1,000.00, specifically, United States currency, in the approximate amount of $600.00, belonging to the Army and Air Force Exchange Service, in violation of Title 18, United States Code, Sections 641 and 2.

COUNT FOURTEEN

From in or around May, 2002, up to and including July, 2002, in the Eastern District of North Carolina, and elsewhere, the defendants, TONY JOSEPH STACKER, MARIO MANUEL EDWARDS, and ELDON DUANE FRIERSON, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly transfer identification documents knowing that such documents were stolen, in violation of Title 18, United States Code, Sections 1028(a)(2) and 2.

COUNT FIFTEEN

From in or around June, 2002, up to and including July, 2002, in the Eastern District of North Carolina, and elsewhere, the defendants, TONY JOSEPH STACKER, TYRONE CHRISTOPHER BELL, MARISHA RACHELLE JOY BRITTON, and MISTI MICHELLE HOLT, aiding and abetting one another, and others both known and unknown to the grand jury, did knowingly use, without lawful authority, a means of identification of another person with the intent to defraud the United States, in violation of Title 18, United States Code, Sections 1028(a)(7) and 2.

10

## SENTENCING ALLEGATIONS

1.    With respect to Count One of the Indictment:    For purposes of United States Sentencing Guidelines ("USSG"), Section 2B1.1(b), the loss was more than $10,000.00.

2.    With respect to Counts Two through Thirteen of the Indictment:    For purposes of United States Sentencing Guidelines ("USSG"),   Section 2B1.1(b), the loss was less than $5,000.00.

## FORFEITURE NOTICE

The defendants are given notice of the provisions of Title 18, United States Code, Section 982, that all the defendants' interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses, the defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in the Indictment and any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to the following: computers, printers, scanners, and software. The amount of loss caused by the aforesaid criminal acts in an amount of $13,411.00.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

    (1)    cannot be located upon the exercise of due diligence;

    (2)    has been transferred or sold to, or deposited with, a third person;

    (3)    has been placed beyond the jurisdiction of the court;

    (4)    has been substantially diminished in value; or

    (5)    has been commingled with other property which cannot be subdivided without difficulty;

12

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other property of said defendants, up to the value of the forfeitable property.

A TRUE BILL

*Kathleen F. Makowski*

Foreman

DATE:   9/22/04

FRANK D. WHITNEY
United States Attorney


BY *Felicia McConnell Carpenine*
KEVIN L. BROWN
Special Assistant US Attorney
Criminal Division

I certify the foregoing to be a true and correct copy of the original.
Clerk
United States District Court
Eastern District of North Carolina

By _____ Deputy Clerk

13

AO 245B (Rev. 3/95) Sheet 1 - Judgment in a Criminal Case

07-PT-347-TFH

# United States District Court

## Eastern District of North Carolina - Western Division

UNITED STATES OF AMERICA

v.

**ELDON DUANE FRIERSON**

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number: **5:04CR00311-004**

Jeffrey B. Welty

Defendant's Attorney

**THE DEFENDANT:**

pleaded guilty to count(s)  14 of Indictment

pleaded nolo contendere to count(s) ___
which was accepted by the court.

was found guilty on count(s) ___
after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1028 (a)(2) and 2 | Unlawful Transfer of Stolen Identification Documents and Aiding and Abetting | 07/31/2002 | 14 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant has been found not guilty on count(s) ___

Count(s)  1,2 & 3 of Indictment  are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's USM No.:    38630-037

Defendant's Residence Address:

unknown

USA

Defendant's Mailing Address:

unknown

USA

08/15/2005

Date of Imposition of Judgment

Signature of Judicial Officer

**W. EARL BRITT**

**SENIOR US DISTRICT JUDGE**

Name & Title of Judicial Officer

08.18.05

Date

I certify the foregoing to be a true and correct
copy of the original.
~~George Eanes~~, Clerk
United States District Court
Eastern District of North Carolina

By ___  .02
Deputy Clerk

**ELDON FRIERSON**                    Page 2 Of 6
**5:04-CR-311-4-BR**


**OBJECTIONS TO PSR:**
1. The court overrules the objection as to Page 6, paragraph 8.

AO 245B (Rev. 3/95) Sheet 4 - Probation

Judgment-Page __2__ of __6__

DEFENDANT:    **ELDON DUANE FRIERSON**
CASE NUMBER:    **5:04CR00311-004**

# PROBATION

The defendant is hereby placed on probation for a term of     __5__    year(s)

**Count 14 of Indictment - 5 years**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

    ☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below) . The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/95) Sheet 4 - Probation

Judgment-Page 3 of 6

DEFENDANT: **ELDON DUANE FRIERSON**
CASE NUMBER: **5:04CR00311-004**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall not go on or enter the Fort Bragg Military Reservation or Pope Air Force Base during the probationary term.

The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall make restitution to Army and Air Force Exchange Services-Headquarters, Attention FA-T-R/C, Marilyn Ward at Post Office Box 6500-38, Dallas, Texas, 75265 in the amount of $4,311. The defendant shall be held jointly and severally for restitution along with the codefendant(s) in this case: Tony Joseph Stacker, 5:04-CR-311-1-BR.

AO 245B (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page 4 of 6

DEFENDANT: **ELDON DUANE FRIERSON**
CASE NUMBER: **5:04CR00311-004**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ 4,311.00 |

If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ The interest requirement is waived.

☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Army and Air Force Exchange Services - Headquarters | $4,311.00 | $4,311.00 | |
| Totals: | $ 4,311.00 | $ 4,311.00 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

Case 5:04-cr-00311-BR    Document 102    Filed 08/15/2005    Page 6 of 6

AO 245B (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page 5 of 5

DEFENDANT: **ELDON DUANE FRIERSON**

CASE NUMBER: **5:04CR00311-004**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A ☐ See special instructions below

B ☐ $ ___ ___ ___ __ immediately, balance due (in accordance with C, D, or E); or

C ☐ not later than ___ ___ ___ ; or

D ☐ in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E ☐ in ___ ___ ___ _ (e.g. equal, weekly, monthly, quarterly) installments of $ ___ ___ over a period of ___ ___ year(s) to commence ___ __ day(s) after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $100 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

The court finds that the defendant is without the ability to pay interest on restitution so interest is, therefore, waived. However, no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable victim injuries.

| Joint and Several<br>Case Number<br>(including Defendant Number) | Defendant Name | Joint and Several<br>Amount |
|---|---|---|
| 5:04-CR-311-1 | Tony Joseph Stacker | $4,311.00 |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, U.S. District Court, Attn: Financial Unit, Post Office Box 25670, Raleigh, NC 27611, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.